IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOAN LYLES, As Executrix of the Estate of
JOHN ROBERT CURRY, Deceased                                    PLAINTIFF

vs.                         CASE NO. 2:23CV00051 – JM

CHARLES LEE WREN, JR., Individually;
WILLIAM CAMERON, Individually;
LITTLE DITCH FARMS, LLC;
PT CORPORATION, d/b/a PT BROKERS;
BARRY MITCHELL; JOHN DOES I-V;
JANE DOES I-V; and
BLACK AND WHITE PARTNERSHIPS I-V                               DEFENDANTS

## ORDER

Pending is Plaintiff's motion to remand this negligence action to state court. (ECF No. 12). Separate Defendants PT Corporation, Inc. d/b/a PT Brokers ("PT Corporation") and its agent Barry Mitchell (collectively "PT") filed a response, and the matter is ripe for determination. After the motion to remand was filed, PT filed a motion to dismiss (ECF No. 17), prompting Plaintiff to file a Second Amended Complaint (ECF No. 21). PT has filed a motion to dismiss the Second Amended Complaint as well. (ECF No. 27). As a threshold matter, the Court must determine whether it has subject matter jurisdiction.

## Background

This case arises out of a fatal accident that occurred on October 12, 2021 in Crittenden County, Arkansas. The complaint alleges that Defendant Charles Lee Wren was driving a tractor-trailer rig on Interstate 55 when it crossed the median and collided head-on with the vehicle driven by John Robert Curry, who died in the accident. Wren had been hired by Defendants William Cameron and Little Ditch Farms, LLC (" collectively LDF") to transport freight pursuant to an agreement between motor carrier LDF and PT Corporation, a federally

licensed freight broker. LDF owned the tractor, and PT Corporation owned the trailer. Plaintiff alleges that PT Corporation leased or loaned the trailer to non-party Cargill Feed and Nutrition, Inc. ("Cargill") to use in the transport of Cargill's cargo. At the time of the accident, Wren had already completed delivery of a load to Cargill and was pulling the unloaded trailer.

Plaintiff filed a complaint in Crittenden County Circuit Court on March 27, 2022 and an amended complaint a year later naming PT for the first time. PT filed a notice of removal asserting federal question jurisdiction created by the preemption provisions of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501. In her motion to remand, Plaintiff argues that her negligence claims fall within the Act's safety exception.

All of Plaintiff's claims are based on Arkansas common law negligence. At the time of removal there were two claims against the PT defendants: negligent entrustment of the trailer and vicarious liability for the negligence of Wren and Mitchell. With her Second Amended Complaint, Plaintiff added a negligence claim against PT based on the condition of the trailer.

Standard for Removal

A case can be removed from state court to federal court only if the case could have originated in federal court. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). The parties are not diverse for purposes of diversity jurisdiction. Under the well-pleaded complaint rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and not when there is only "the potential applicability of a defense arising under federal law." *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 709 (8th Cir. 2023). There are two exceptions to this rule: "when the state-law claims (1) are completely preempted by federal law or (2) necessarily raise a substantial, disputed federal question." *Ibid.* In its opposition to the motion to remand, PT argues that both

exceptions apply.

The burden is on the removing party to establish federal subject matter jurisdiction. *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016). All doubts must be resolved in favor of remand. *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020).

## The FAAAA

The FAAAA was enacted by Congress in 1994 in an effort to avoid "a State's direct substitution of its own governmental commands for 'competitive market forces' in determining (to a significant degree) the services that motor carriers will provide." *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 368 (2008). The Act "expressly bars states from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ..., broker, or freight forwarder with respect to the transportation of property." *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, No. 22-10740, 2023 WL 2920451, at *3 (11th Cir. Apr. 13, 2023) (quoting 49 U.S.C. § 14501(c)(1)). The express preemption clause is limited by the safety exception which provides that the FAAAA "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). The Supreme Court has found that the "clear purpose" of the exception "is to ensure that its preemption of States' economic authority over motor carriers of property . . . "not restrict" the preexisting and traditional state police power over safety." *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 439 (2002).

## Complete Preemption

A determination of complete preemption requires a finding that "Congress intended a federal statute to provide 'the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'" *Minnesota* at 710 (quoting *Beneficial*

3

*Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Absent a replacement federal cause of action, there is "an exceptionally strong presumption against complete preemption." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 252 (8th Cir. 2012). The Eighth Circuit has recently cautioned that "[c]omplete preemption is very rare" and has been applied to only three statutes by the Supreme Court.[1] *Minnesota* at 710. "The exclusive, federal cause of action is 'the hinge on which the door to the federal courthouse swings.'" *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1190 (8th Cir. 2015) (quoting Gil Seinfeld, *The Puzzle of Complete Preemption,* 155 U. Pa. L.Rev. 537, 567 (2007)).

Complete preemption is not to be conflated with a defense of preemption which the Eighth Circuit has called "ordinary preemption." *Griffioen* at 1190. Nor should it be confused with express preemption. The court explained in *Griffioen* that an "express preemption provision may be a key factor in determining the extent of the statute's ordinary preemption, as well as Congress's intent to completely preempt some claims, but it does not address removal or explicitly provide for federal-question jurisdiction over all preempted state-law claims." *Griffioen* at 1190.

The parties agree that neither the U.S. Supreme Court nor the Eighth Circuit Court of Appeals has addressed whether negligence claims involving personal injury against a broker are completely preempted by the FAAAA. PT urges the Court to adopt the reasoning from a district court case out of the Fifth Circuit, *Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020). That case also arose out of a motor vehicle

---

[1] Citing: § 301 of the Labor Management Relations Act, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560–61 (1968); § 502(a) of ERISA, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, (1987); and §§ 85 and 86 of the National Bank Act, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10-11 (2003).

4

accident in which the plaintiff made state negligence claims against the freight broker. After analyzing several district court cases showing "two diverging lines of cases," on the preemption issue, the Texas district court held that the negligence claims against a broker were "completely preempted" by the FAAAA and denied the plaintiff's motion to remand. The court's analysis, however, was more in line with an ordinary preemption analysis than a complete preemption analysis. The line of cases the court found "most persuasive" did not arise in the context of complete preemption as a basis for federal jurisdiction but rather discussed ordinary preemption in the context of motions to dismiss.[2]

Plaintiff, on the other hand, directs the Court to an opinion out of the Ninth Circuit Court of Appeals—*Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020)[3]—for its holding that while a motorist's negligence claims against a freight broker for negligent selection of a motor carrier was "related to" broker services, it was saved from preemption by the safety exception. However, subject matter jurisdiction was not an issue before the Ninth Circuit. It considered ordinary preemption in the context of a motion for judgment on the pleadings, not a motion to remand. Another recent circuit court decision decided after the briefing in this case was completed—*Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023)—came down on the opposite side of the preemption issue from *Miller*. In *Aspen*, the Eleventh Circuit also found that the FAAAA preempted the plaintiff's negligent selection of a carrier claim against a broker and that it satisfied the first prong of the safety exception in that it was

---

[2] *Gillum* at *5 (citing *Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017); *Volkova v. C.H. Robinson Co.*, No. 16 C 1883, 2018 WL 741441 (N.D. Ill. Feb. 7, 2018); *Creagan v. Wal-Mart Transportation, LLC*, 354 F. Supp. 3d 808 (N.D. Ohio 2018); and *Krauss v. IRIS USA, Inc.*, No. CV 17-778, 2018 WL 2063839 (E.D. Pa. May 3, 2018)).

[3] Abrogated on other grounds by *R.J. Reynolds Tobacco Company v. County of Los Angeles*, 29 F.4th 542, 553n.6 (9th Cir. 2022)).

"genuinely responsive to safety concerns." However, *Aspen* held that the claim was not "with respect to motor vehicles" as required by the second prong of the safety exception. The facts in *Aspen* did not stem from a motor vehicle accident with personal injury, but rather out of the theft of cargo by someone fraudulently claiming to represent the broker's chosen motor carrier. *Aspen* at*2. Since neither of the two circuit courts that have addressed the scope of the express preemption provision of the FAAAA have done so in the context of a complete preemption analysis, they do not guide this Court's decision.

After considering the cases cited by the parties and many other district court opinions that have addressed the issue, the Court is persuaded that Plaintiff's negligence claims fall under the FAAAA's safety exception and are thus not completely preempted. *See Est. of Wray by & through Wray v. Kennedy Bros. Logistics, Inc.*, No. 5:22-CV-70-FL, 2022 WL 16550315 *4 (E.D.N.C. Oct. 31, 2022) ("[T]he statutory text of the FAAAA contains no clear Congressional intent to engulf the entire area of personal injury and wrongful death claims involving transportation brokers and motor carriers."); *Moyer v. Simbad LLC*, No. 2:20-CV-5405, 2021 WL 1215818 (S.D. Ohio Jan. 12, 2021), *report and recommendation adopted,* No. 2:20-CV-5405, 2021 WL 1209469 (S.D. Ohio Mar. 31, 2021); *Morrison v. JSK Transp., Ltd.*, No. 20-CV-01053-JPG, 2021 WL 857343 (S.D. Ill. Mar. 8, 2021); *Grant v. Lowe's Home Centers, LLC*, No. CV 5:20-02278-MGL, 2021 WL 288372 (D.S.C. Jan. 28, 2021); and *White v. Scotty's Contracting & Stone, LLC*, No. 1:21-CV-00161-GNS, 2022 WL 4588417 (W.D. Ky. Sept. 29, 2022).

PT has not made any argument that the FAAAA provided a replacement cause of action for Plaintiff's negligence claims arising from a motor vehicle accident, the absence of which, as noted above, creates "an exceptionally strong presumption against complete preemption." PT

also has not directed the Court's attention to any legislative history that indicates Congressional intent "to displace the application of state tort law to personal physical injury inflicted" by brokers. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995) (finding the Airline Deregulation Act, which tracks the FAAAA preemption clause, did not completely preempt state law).[4] The Court finds that PT has not met its burden of establishing subject matter jurisdiction on the basis of complete preemption.

"When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under [the statute], the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995).

Substantial Federal Question

The second exception to the well-pleaded complaint rule—the existence of a substantial, disputed federal question in state law claims—applies only to a "special and small category" of cases. *Minnesota* at 711 *(*quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). To qualify under this exception, also called the *Grable*[5] doctrine, the removing party must establish that a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the

---

[4] "The language of the FAAAA preemption clause tracks the preemption clause included in the [ADA] with "one conspicuous alteration—the addition of the words 'with respect to the transportation of property' [which] phrase massively limits the scope of preemption ordered by the FAAAA." *See Wray* at *4 (quoting *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 261 (2013)).

[5] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, (2005); *Minnesota* at 711.

federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 133 (2013).

PT argues the following in support of its *Grable* argument:

(1) Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law, i.e., the appropriate standard of care when selecting motor carriers.

(2) Plaintiff's allegations invoking state law negligence claims represent a dispute as to the effect and breadth of federal law as it concerns freight brokers.

(3) The federal issue is substantial because if Plaintiff is correct that state law applies, freight brokers by necessity must conform to a patchwork of state-law based duties of care when selecting motor carriers to haul freight through intrastate commerce in multiple states.

(4) To the extent this Court may enforce the intent of Congress to constrain the power of the states to regulate the interstate/intrastate transportation of goods as expressly provided by the FAAAA, this does not disrupt the federal/state balance approved by Congress.

(ECF No. 20 at 4).

As to the first *Grable* requirement, the federal issue must be a "necessary" or "essential element" of one of the plaintiff's claims. *Minnesota* at 711. PT has failed to "point to the specific elements of [the plaintiff's] state law claims" that would require a determination of a federal issue. *See Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 914 (8th Cir. 2009). In fact, there are no elements of Plaintiff's claims that rely on a determination of the FAAAA's express preemption provision. The argument that Plaintiff's "right to relief" depends on the resolution of the preemption issue it has raised does not equate to a determination that this issue is an "essential element" of Plaintiff's claim. It has been settled law since 1887 when Congress amended the removal statute "that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). As the *Grable* issues are conjunctive, the Court need not address the remining three parts of the test.

8

<u>Conclusion</u>

The Court finds that it does not have subject matter jurisdiction over this controversy, and Plaintiff's motion to remand (ECF No. 12) is GRANTED. In the absence of jurisdiction, the Court does not address the remaining motions. The Clerk is directed to remand this action to the Circuit Court of Crittenden County, Arkansas forthwith.

IT IS SO ORDERED this 9th day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE